IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **STMICROELECTRONICS, INC.,** | § | |
| **STMICROELECTRONICS N.V.,** | § | |
| **ROBERT BOSCH LLC, BOSCH** | § | **Civil Action No. 6:11-CV-111** |
| **ENGINEERING GMBH, ROBERT** | § | |
| **BOSCH GMBH, ELEKTROBIT INC.,** | § | |
| **ELEKTROBIT AUTOMOTIVE INC.,** | § | |
| **ELEKTROBIT CORPORATION,** | § | |
| **FREESCALE SEMICONDUCTOR,** | § | |
| **INC., FUJITSU SEMICONDUCTOR** | § | **JURY TRIAL DEMANDED** |
| **AMERICA, INC., FUJITSU LIMITED,** | § | |
| **INFINEON TECHNOLOGIES** | § | |
| **NORTH AMERICA CORPORATION,** | § | |
| **INFINEON TECHNOLOGIES AG,** | § | |
| **MENTOR GRAPHICS** | § | |
| **CORPORATION, RENESAS** | § | |
| **ELECTRONICS AMERICA INC.,** | § | |
| **RENESAS ELECTRONICS** | § | |
| **CORPORATION, TEXAS** | § | |
| **INSTRUMENTS INC., VECTOR** | § | |
| **CANTECH, INC., and VECTOR** | § | |
| **INFORMATIK GMBH,** | § | |
| | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Stragent, LLC ("Stragent")

complains against Defendants STMicroelectronics, Inc. and STMicroelectronics N.V.

(collectively "STM"); Robert Bosch LLC, Bosch Engineering GmbH, and Robert Bosch GmbH

(collectively "Bosch"); Elektrobit Inc., Elektrobit Automotive Inc., and Elektrobit Corporation

(collectively "EB"); Freescale Semiconductor, Inc. ("Freescale"); Fujitsu Semiconductor America, Inc. and Fujitsu Limited (collectively "Fujitsu"); Infineon Technologies North America Corporation and Infineon Technologies AG (collectively "Infineon"); Mentor Graphics Corporation ("Mentor"); Renesas Electronics America Inc. and Renesas Electronics Corporation (collectively "Renesas"); Texas Instruments Inc. ("TI"); and Vector CANtech, Inc. and Vector Informatik GmbH (collectively "Vector"), as follows:

## PARTIES

1.      Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      On information and belief, Defendant STMicroelectronics, Inc. is a Delaware corporation having its principal place of business in Carrollton, Texas.

3.      On information and belief, Defendant STMicroelectronics N.V. is a Dutch corporation having its principal place of business in Geneva, Switzerland.

4.      On information and belief, Defendant STMicroelectronics, Inc. is a wholly owned subsidiary or Defendant STMicroelectronics N.V.

5.      On information and belief, Defendant Robert Bosch LLC is a Delaware limited liability company having its principal place of business in Farmington Hills, Michigan.

6.      On information and belief, Defendant Bosch Engineering GmbH is a German stock company having its principal place of business in Abstatt, Germany.

7.      On information and belief, Defendant Robert Bosch GmbH is a German stock company having its principal place of business in Stuttgart, Germany.

8.      On information and belief, Defendants Robert Bosch LLC and Bosch Engineering GmbH are each subsidiaries of Defendant Robert Bosch GmbH.

9.     On information and belief, Defendant Elektrobit Inc. is a Delaware corporation having its principal place of business in Bothell, Washington.

10.     On information and belief, Defendant Elektrobit Automotive Inc. is a Delaware corporation having its principal place of business in Bothell, Washington.

11.     On information and belief, Defendant Elektrobit Corporation is a Finnish corporation having its principal place of business in Oulu, Finland.

12.     On information and belief, Defendants Elektrobit Inc. and Elektrobit Automotive Inc. are each subsidiaries of Defendant Elektrobit Corporation.

13.     On information and belief, Defendant Freescale is a Delaware corporation having its principal place of business in Austin, Texas.

14.     On information and belief, Defendant Fujitsu Semiconductor America, Inc. is a California corporation having its principal place of business in Sunnyvale, California.

15.     On information and belief, Defendant Fujitsu Limited is a Japanese corporation having its principal place of business in Tokyo, Japan.

16.     On information and belief, Defendant Fujitsu Semiconductor America, Inc. is a subsidiary of Defendant Fujitsu Limited.

17.     On information and belief, Defendant Infineon Technologies North America Corporation is a Delaware corporation having its principal place of business in Milpitas, California.

18.     On information and belief, Defendant Infineon Technologies AG is a German stock company having its principal place of business in Neubiberg, Germany.

19.     On information and belief, Defendant Infineon Technologies North America Corporation is a subsidiary of Defendant Infineon Technologies AG.

20.     On information and belief, Defendant Mentor is an Oregon corporation having its principal place of business in Wilsonville, Oregon.

21.     On information and belief, Defendant Renesas Electronics America Inc. is a California corporation having its principal place of business in Santa Clara, California.

22.     On information and belief, Defendant Renesas Electronics Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.

23.     On information and belief, Defendant Renesas Electronics America Inc. is a wholly owned subsidiary of Defendant Renesas Electronics Corporation.

24.     On information and belief, Defendant TI is a Delaware corporation having its principal place of business in Dallas, Texas.

25.     On information and belief, Defendant Vector CANtech, Inc. is a Michigan corporation having its principal place of business in Novi, Michigan.

26.     On information and belief, Defendant Vector Informatik GmbH is a German stock company having its principal place of business in Stuttgart, Germany.

27.     On information and belief, Defendant Vector CANtech, Inc. is a wholly owned subsidiary of Defendant Vector Informatik GmbH.

## JURISDICTION AND VENUE

28.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29.     On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district.  Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

30.     On information and belief, each Defendant has conducted substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

**COUNT I**
**DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,802,263**

31.     Plaintiff Stragent is the owner by assignment of United States Patent No. 7,802,263 ("the '263 Patent") entitled "System, Method and Computer Program Product for Sharing Information in a Distributed Framework."  The '263 Patent was duly and legally issued on September 21, 2010.  A true and correct copy of the '263 Patent is attached as Exhibit A.

32.     On information and belief, Defendant STM has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  STM's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its SPC 560 series microcontrollers and related software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by STM that infringes one or more claims of the '263 Patent.  STM is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

33.     On information and belief, at least since the filing of this Complaint, Defendant STM has been and now is actively inducing infringement of the '263 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  STM's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its SPC 560 series microcontrollers and related software, which automobiles STM knows or should know infringe one or more claims of the '263 Patent.  STM is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

34.    On information and belief, at least since the filing of this Complaint, Defendant STM has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  STM's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its SPC 560 series microcontrollers and related software, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the SPC 560 series microcontrollers and related software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  STM is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

35.    On information and belief, Defendant Bosch has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Bosch's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least software products, including without limitation its CUBAS software products, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold

6

by Bosch that infringes one or more claims of the '263 Patent. Bosch is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

36.     On information and belief, at least since the filing of this Complaint, Defendant Bosch has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Bosch's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing its customers, including without limitation one or more microcontroller suppliers named herein, to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, microcontrollers that implement at least its CUBAS software, which microcontrollers Bosch knows or should know infringe one or more claims of the '263 Patent. Bosch is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

37.     On information and belief, at least since the filing of this Complaint, Defendant Bosch has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Bosch's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its CUBAS software products, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the CUBAS software products to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Bosch is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

38.     On information and belief, Defendant EB has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.

EB's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least software products, including without limitation its Tresos software products, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by EB that infringes one or more claims of the '263 Patent. EB is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

39.     On information and belief, at least since the filing of this Complaint, Defendant EB has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. EB's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing its customers, including without limitation one or more microcontroller suppliers named herein, to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, microcontrollers that implement at least its Tresos software, which microcontrollers EB knows or should know infringe one or more claims of the '263 Patent. EB is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

40.     On information and belief, at least since the filing of this Complaint, Defendant EB has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. EB's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its Tresos software products, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the Tresos software products to be especially made or especially adapted for use in an infringement of the '263 Patent, and not

a staple article or commodity of commerce suitable for substantial noninfringing use.  EB is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

41.     On information and belief, Defendant Freescale has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Freescale's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its MC9S12XFxxx series microcontrollers and MCAL software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by Freescale that infringes one or more claims of the '263 Patent.  Freescale is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

42.     On information and belief, at least since the filing of this Complaint, Defendant Freescale has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Freescale's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its MC9S12XFxxx series microcontrollers and MCAL software, which automobiles Freescale knows or should know infringe one or more claims of the '263 Patent.  Freescale is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

43.     On information and belief, at least since the filing of this Complaint, Defendant Freescale has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Freescale's contributions

include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its MC9S12XFxxx series microcontrollers and MCAL software, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the MC9S12XFxxx series microcontrollers and MCAL software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Freescale is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

44.    On information and belief, Defendant Fujitsu has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fujitsu's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its MB91F465XAPMC microcontroller and related software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by Fujitsu that infringes one or more claims of the '263 Patent.  Fujitsu is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

45.    On information and belief, at least since the filing of this Complaint, Defendant Fujitsu has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fujitsu's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its MB91F465XAPMC microcontroller and related software, which automobiles Fujitsu knows or should know infringe

10

one or more claims of the '263 Patent.  Fujitsu is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

46.     On information and belief, at least since the filing of this Complaint, Defendant Fujitsu has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Fujitsu's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its MB91F465XAPMC microcontroller and related software, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the MB91F465XAPMC microcontroller and related software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Fujitsu is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

47.     On information and belief, Defendant Infineon has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Infineon's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its TC series microcontrollers and related software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by Infineon that infringes one or more claims of the '263 Patent.  Infineon is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

48.     On information and belief, at least since the filing of this Complaint, Defendant Infineon has been and now is actively inducing infringement of the '263 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Infineon's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its TC series microcontrollers and related software, which automobiles Infineon knows or should know infringe one or more claims of the '263 Patent.  Infineon is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

49.     On information and belief, at least since the filing of this Complaint, Defendant Infineon has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Infineon's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its TC series microcontrollers and related software, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the TC series microcontrollers and related software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Infineon is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

50.     On information and belief, Defendant Mentor has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Mentor's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least software products, including without limitation its Volcano software products, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold

by Mentor that infringes one or more claims of the '263 Patent.  Mentor is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

51.     On information and belief, at least since the filing of this Complaint, Defendant Mentor has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Mentor's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing its customers, including without limitation one or more microcontroller suppliers named herein, to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, microcontrollers that implement at least its Volcano software, which microcontrollers Mentor knows or should know infringe one or more claims of the '263 Patent. Mentor is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

52.     On information and belief, at least since the filing of this Complaint, Defendant Mentor has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Mentor's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its Volcano software products, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the Volcano software products to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Mentor is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

53.     On information and belief, Defendant Renesas has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its V850 series microcontrollers and related software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by Renesas that infringes one or more claims of the '263 Patent.   Renesas is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

54.     On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its V850 series microcontrollers and related software, which automobiles Renesas knows or should know infringe one or more claims of the '263 Patent.   Renesas is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

55.     On information and belief, at least since the filing of this Complaint, Defendant Renesas has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Renesas's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its V850 series microcontrollers and related software,

which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the V850 series microcontrollers and related software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Renesas is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

56.     On information and belief, Defendant TI has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. TI's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least microcontrollers and software, including without limitation its TMS570LS series microcontrollers and related software, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by TI that infringes one or more claims of the '263 Patent.  TI is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

57.     On information and belief, at least since the filing of this Complaint, Defendant TI has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  TI's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least its TMS570LS series microcontrollers and related software, which automobiles TI knows or should know infringe one or more claims of the '263 Patent.  TI is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

58.     On information and belief, at least since the filing of this Complaint, Defendant TI has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  TI's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its TMS570LS series microcontrollers and related software, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the TMS570LS series microcontrollers and related software to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  TI is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

59.     On information and belief, Defendant Vector has been and now is directly infringing the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Vector's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least software products, including without limitation its MICROSAR software products, that infringe one or more claims of the '263 Patent, and any other product made, used, offered for sale, and/or sold by Vector that infringes one or more claims of the '263 Patent.  Vector is thus liable for direct infringement of the '263 Patent pursuant to 35 U.S.C. § 271(a).

60.     On information and belief, at least since the filing of this Complaint, Defendant Vector has been and now is actively inducing infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Vector's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing its customers, including without limitation one or more microcontroller suppliers named herein, to

16

make, use, offer for sale, and/or sell within the United States, and/or import into the United States, microcontrollers that implement at least its MICROSAR software, which microcontrollers Vector knows or should know infringe one or more claims of the '263 Patent. Vector is thus liable for inducing infringement of the '263 Patent pursuant to 35 U.S.C. § 271(b).

61.     On information and belief, at least since the filing of this Complaint, Defendant Vector has been and now is contributing to infringement of the '263 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Vector's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its MICROSAR software products, which constitute a material part of the invention recited in one or more claims of the '263 Patent, knowing the MICROSAR software products to be especially made or especially adapted for use in an infringement of the '263 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Vector is thus liable for contributory infringement of the '263 Patent pursuant to 35 U.S.C. § 271(c).

62.     As a result of Defendants' infringement of the '263 Patent, Stragent has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent requests that this Court enter:

A.     A judgment in favor of Stragent that Defendants have directly infringed the '263 Patent;

B.     A judgment in favor of Stragent that Defendants have actively induced infringement of the '263 Patent;

17

C.      A judgment in favor of Stragent that Defendants have contributed to infringement of the '263 Patent;

D.      A judgment and order requiring Defendants to pay Stragent its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '263 Patent as provided under 35 U.S.C. § 284; and

E.      Any and all other relief to which the Court may deem Stragent entitled.

## DEMAND FOR JURY TRIAL

Stragent, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@jwfirm.com
J. Wesley Hill
Texas State Bar No. 24032294
wh@jwfirm.com

WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas State Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas State Bar No. 24034398
ccravey@wmalaw.com
Brian K. Buss
Texas State Bar No. 00798089
bbuss@wmalaw.com
Matthew R. Rodgers
Texas State Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Texas State Bar No. 24073408
mbenefield@wmalaw.com
David Morehan
Texas State Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Plaintiff Stragent, LLC***